The Honorable Christopher M. Alston
Chapter 7
Hearing Location: Kitsap County Courthouse, 614 Division St., Courtroom 104, Port Orchard, WA 98366
Hearing Date: February 20, 2019
Hearing Time: 1:00 p.m.
Response Date: February 13, 2019

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re:

Catherine Dawn Kroesser

    Debtor

Case No.: 18-14780-CMA

Chapter 7

MOTION FOR RELIEF FROM STAY AND MEMORANDUM IN SUPPORT THEREOF

COMES NOW, Nationstar Mortgage LLC d/b/a Mr. Cooper ("Creditor") and moves the Court pursuant to 11 USC §362(d) for an Order Terminating the Automatic Stay, allowing Creditor to proceed with any and all contractual and statutory remedies incident to the interest held by virtue of the note and deed of trust described below and attached as exhibits to this motion and memorandum.

## I. RELEVANT FACTS

### A. The Property

On or about February 15, 2007, John Kroesser and Catherine Kroesser executed a note in favor of Quicken Loans Inc. in the original principal amount of $250,500.00 ("Note"). The debt described by the Note is secured by a deed of trust ("Deed of Trust") properly recorded and creating a lien against property commonly described as 1531 Thompson Dr, Bremerton, WA 98337 (the "Property").

Motion for Relief - 1
MH# WA-18-151426

McCarthy & Holthus, LLP
108 1st Avenue South, Ste. 300
Seattle, WA 98104
(206) 596-4856

Case 18-14780-CMA    Doc 9    Filed 01/04/19    Ent. 01/04/19 14:51:26    Pg. 1 of 5

Creditor is the holder of the Note and thus has standing to enforce the Note pursuant to RCW §62A.3-301. The Deed of Trust was pledged as incident to the Note and thus, as the holder of the Note, Creditor also has the right to enforce the Deed of Trust that follows the note.

Subsequent to the execution of the Note and Deed of Trust, Debtors have filed for protection under Chapter 7 of Title 11 of the United States Code.

Upon information and belief, no foreclosure sale is pending as of the date of this motion.

### B. The Debt

As of December 21, 2018, Debtor is due for the July 1, 2018 payment. The approximate amount owed under the terms of the Note is $249,315.80. This is an approximation of the lien, including principal balance plus accrued interest, late charges, escrow shortages and other fees and costs, as allowed under the terms of the Deed of Trust. This estimate is accurate as of the date provided to counsel for the Creditor and is intended only for the purposes of this motion. This amount cannot be relied upon for any other purposes, including payoff of the secured debt. A complete, date specific and itemized payoff figure may be obtained from Movant upon written request to counsel for Creditor.

In addition to the Debt owed to Creditor, a junior lien in favor USAA is scheduled in the amount of $51,188.26.

### C. The Value of the Property

The value of the Property as represented in Debtor's sworn schedules is $340,000.00.

## II. ARGUMENT AND AUTHORITY

### A. Standing

Motion for Relief - 2
MH# WA-18-151426

McCarthy & Holthus, LLP
108 1st Avenue South, Ste. 300
Seattle, WA 98104
(206) 596-4856

Case 18-14780-CMA    Doc 9    Filed 01/04/19    Ent. 01/04/19 14:51:26    Pg. 2 of 5

To prosecute a motion for relief from the automatic stay as to enforcement of a note and deed, a movant must establish that it has an interest in the note, either as a holder, or as a party entitled to enforce the note. See *In re Veal*, 450 B.R. 897 (9th Cir. BAP 2011). In the case at bar, the declaration and exhibits supporting the motion establish that Creditor is the holder of the Note and thus has standing to prosecute the present motion.

### B. Basis for Relief from Stay

Under 11 U.S.C. 362(d)(1), on request of a party in interest, the court shall grant relief from stay for cause. In the case at bar, the Debtor appears to have a one half interest in the Property and the Property is to be sold pursuant to a decree of dissolution. The obligation is now more than 6 months in default and continued default without payment only serves to reduce any equity that may exist in the Property. Because the Debtor has filed for protection under the liquidation provisions of Chapter 7, the Property is necessary for an effective reorganization and the only issue is whether there is value in the Property for the estate. Absent liquidation by the trustee, Creditor requests the court terminate the stay and allow enforcement of the obligation in the absence of a private sale completed by the Debtor has ex-spouse. If the trustee is to liquidate the Property, Creditor asks that a marketing schedule be established as to the extent that equity exists, it is quite thin and declining by the day.

### III. RELIEF REQUESTED

For the reasons stated above, Creditor requests:

1. An Order Terminating the Automatic Stay.

Motion for Relief - 3
MH# WA-18-151426

McCarthy & Holthus, LLP
108 1st Avenue South, Ste. 300
Seattle, WA 98104
(206) 596-4856

Case 18-14780-CMA    Doc 9    Filed 01/04/19    Ent. 01/04/19 14:51:26    Pg. 3 of 5

1    2.   Alternatively, for an Order requiring adequate protection of Movant's interest in
2         the Property.
3    3.   For such other relief as the Court deems proper.

Dated: January 4, 2019                McCarthy & Holthus, LLP


                                      /s/  Lance E. Olsen
                                      Lance E. Olsen, Esq. WSBA 25130
                                      Michael S. Scott, Esq. WSBA 28501
                                      Kathy Shakibi, Esq. WSBA 49381
                                      Attorney for Movant

**CERTIFICATE OF SERVICE**

On 1/4/2019, I served the foregoing **NOTICE OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY; MOTION FOR RELIEF FROM AUTOMATIC STAY; DECLARATION IN SUPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY AND ALL EXHIBITS SUPORTING THE MOTION AND DECLARATION** on the following individuals by electronic means through the Court's ECF program:

| | |
|---|---|
| **TRUSTEE** | **DEBTOR'S COUNSEL** |
| John S Peterson | Angela M. Michael |
| kingstontrustee@hotmail.com | angela@amichael-law.com |

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

/s/ Salvador Arroyo
Salvador Arroyo

On 1/4/2019, I served the foregoing **NOTICE OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY; MOTION FOR RELIEF FROM AUTOMATIC STAY; DECLARATION IN SUPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY AND ALL EXHIBITS SUPORTING THE MOTION AND DECLARATION** on the following individuals by depositing true copies thereof in the United States mail, enclosed in a sealed envelope, with postage paid, addressed as follows:

**DEBTOR**
Catherine Dawn Kroesser, 299 NW Bridle Ridge Blvd, Bremerton, WA 98311

**US TRUSTEE**
700 Stewart St Ste 5103, Seattle, WA 98101

**BORROWER**
John Kroesser, 1531 Thompson Dr, Bremerton, WA 98337

**OTHER LIEN HOLDER**
USAA Savings Bank, 10750 McDermott Freeway, San Antonio, TX 78288

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

/s/ Hue Banh
Hue Banh

Certificate of Service - 5
MH#WA-18-151426

McCarthy & Holthus, LLP
108 1st Avenue South, Ste. 300
Seattle, WA 98104
(206) 596-4856

Case 18-14780-CMA    Doc 9    Filed 01/04/19    Ent. 01/04/19 14:51:26    Pg. 5 of 5